IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAIME GARCIA-REBOLLAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-cv-928
Crim. No. 2:15-cr-060
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. This matter is before the Court on the *Motion to Vacate under 28 U.S.C. § 2255*, Respondent's *Answer in Opposition*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

On June 23, 2015, Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to conspiracy to possess with intent to distribute more than five hundred grams of a substance containing cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B)(ii), and § 846. (ECF No. 47, 54.) On November 6, 2015, the Court entered *Judgment* and imposed 65 months incarceration minus time served. (ECF No. 79.) On January 11, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the *Judgment* of this Court in relevant part as follows:

> Garcia-Rebollar argues that the district court erred in imposing a two-level enhancement pursuant to USSG § 3C1.2 for creating a risk of death or serious bodily injury "in the course of fleeing from a law enforcement officer" because there was no indication that he knew he was about to be arrested by officers who were following him.
>
> . . . . Section 3C1.2 provides that an offense level should be increased by two levels "[i]f the defendant recklessly created a substantial risk of death or serious

bodily injury to another person in the course of fleeing from a law enforcement officer." USSG § 3C1.2. "In order for [§ 3C1.2] to apply, defendant must know or have reason to know that he is fleeing from a law enforcement officer." *United States v. Hayes,* 135 F.3d 435, 438 (6th Cir. 1998). Despite his assertions to the contrary, there is ample evidence that Garcia-Rebollar knew or had reason to know that he was fleeing arrest. The evidence included testimony that as an unmarked police van and two police vehicles with their lights on approached the vehicle driven by Garcia-Rebollar, Garcia-Rebollar crossed the median and struck the front of the unmarked van. Because the evidence supported the district court's conclusion that Garcia-Rebollar was attempting to flee arrest, the district court did not err in applying the § 3C1.2 enhancement. *See Stafford*, 721 F.3d at 402.

*United States v. Garcia-Rebollar*, No. 15-4388 (6th Cir. Jan. 11, 2017) (ECF No. 97-1, PAGEID # 401.) On February 3, 2017, the mandate issued. (ECF No. 97.)

On October 23, 2017, Petitioner filed this *pro se Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 97.) He asserts that he was denied the right to confront the witnesses against him based on the ineffective assistance of counsel, because his attorney failed to present photographs or video-recordings to contradict testimony at his sentencing hearing that he attempted to flee from police, resulting in the risk of death or serious bodily injury to others. Instead, Petitioner argues, photographs he has attached show that he was the victim of an accident caused by police. (*See* ECF No. 97-1, PAGEID # 403-08; ECF No. 102, PAGEID # 431-36.) It is the position of the Respondent that this claim lacks merit.

**Standard of Review**

In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence

2

allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). However, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exception circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (unpublished)). Further, if a petitioner fails to raise a non-constitutional claim at trial or on direct appeal, he or she has waived the matters for collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion to vacate under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id.* at 687. This showing requires

3

that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id*.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Therefore, a petitioner must also establish prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692.

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of Strickland in order to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The Court conducted a hearing on defense counsel's objection to the assessment of two points under U.S.S.G. § 3C1.2 in Petitioner's recommended sentence under the advisory United States Sentencing Guidelines Defense for obstruction of justice. According to the *PreSentence Investigation Report*, at the time of arrest, a vehicle driven by the Petitioner struck a patrol vehicle when it attempted to flee. The collision caused Petitioner's vehicle to go off of the road and into a vacant residential lot. As it drove through the vacant lot, it was hit by a marked patrol vehicle, causing it to spin and come to a stop. *PreSentence Investigation Report*, ¶ 14.

Officer James Roberts, with the Columbus Police Department, testified that the task force had stopped one vehicle, but Petitioner's car continued driving, going left of center and towards Roberts' van. Petitioner's car struck the front of Roberts' van and continued on up into the neighborhood yard about 50 yards before stopping. *Transcript* (ECF No. 93, PAGEID # 352-53.) Roberts estimated the rate of speed of Petitioner's car to be about 30 miles per hour. Petitioner's vehicle struck the driver's front end and then the passenger side of the front of the police van. The fenders had to be pulled out of the van in order to drive it away. (PAGEID # 354.) Roberts thought it "was a deliberate action to get away from us." (PageID# 356.)

As discussed, Petitioner argues that the Court improperly applied the two point increase in his recommended guideline sentence, because evidence showed that he was driving in a residential area at the posted speed limit, which indicates that he was not attempting to flee, and photographs establish that he could not have caused a substantial risk of death or serious bodily injury, because police hit his car. Petitioner maintains that photographs attached to this motion also show that the police van suffered only a small dent and he did not cross any yellow line or meridian, as none existed on the roadway. Petitioner asserts that his attorney performed in a constitutionally ineffective manner by agreeing that he crossed the center line. He also argues that aerial photographs he has attached show that he had no viable escape route from police. He complains that defense counsel failed to request videos of cameras inside of the patrol cars that would have assisted him in establishing that he did not qualify for the two-point sentence enhancement under U.S.C.G. § 3C1.2.

The United States Court of Appeals for the Sixth Circuit has already affirmed application of the two-point enhancement to Petitioner's recommended guideline sentence under U.S.S.G. § 3C1.2, and this Court therefore will not now again address this issue here. *See Robinson v.*

*United States*, 582 F.Supp.2d 919, 926 (N.D. Ohio 2008) (citing *Jones v. United States*, 178 F.3d at 790, 796 (6th Cir. 1999) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."). Further, nothing in the record supports Petitioner's claim that any videotape or video recording from police patrol vehicles would have assisted the defense. Moreover, the Court has carefully reviewed all of the photographs that Petitioner has attached in support of his claim of the denial of the effective assistance of counsel. Despite his arguments to the contrary, they do not assist him. It was not disputed that Petitioner was traveling within the posted speed limit at the time he struck the police. *Transcript* (ECF No. 93, PAGEID # 357.) Regardless, evidence indicated that he entered the ongoing lane of traffic and collided with an unmarked police vehicle being driven by Officer Roberts, that was being immediately followed by two other marked police vehicles with lights activated. (PAGEID # 359-60.) Defense counsel argued that this evidence failed to indicate that Petitioner was attempting to flee from police, because he drove within the posted speed limit, no police car from behind the Petitioner had signaled him to pull over, and the accident caused minimal damage. (PAGEID # 364, 367.) However, the Court rejected these arguments.

> COURT: [A]ny time you have a head-on collision that is anything above a minimal amount of speed, there is a substantial risk of injury.
>
> ***
>
> Should I draw an inference that the defendant saw the other two vehicles and thought that he could fee by coming across the median, if there was a median, but coming into the other side of the road basically, crashing into the first vehicle and would that cause him a way to either get away or somehow impede his apprehension? . . . I think it would have to be really coincidental for this to happen at that precise time that someone just went left of center when there are three vehicles approaching, two of which have lights on and the one in front

> doesn't, but those lights are generally very easy to see, and they're standard equipment. So I'm assuming the lights were very visible, and I don't think from the evidence that that would be an unreasonable inference to draw.
>
> So I do think this is exactly the kind of conduct that the rule was designed to pick up. . . . So I admire your advocacy, Mr. Gallagher, but I am going to overrule the objection.

*Transcript* (ECF No. 93, PAGEID # 369-70.)

The record does not indicate that any further evidence or additional argument would have assisted Petitioner. Petitioner has failed to establish either that his attorney performed in a constitutionally ineffective manner in this regard or that he was prejudiced thereby under the test set forth in *Strickland*.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 _s/ *Elizabeth A. Preston Deavers*
 Elizabeth A. Preston Deavers
 United States Magistrate Judge